■ JONAS J. UNGER, Appellant, v. HARRY HOROWITZ, Respondent, et al., Defendant. HARRY HOROWITZ, Defendant and Third-Party Plaintiff-Respondent, v. SYDNEY GROSSMAN HOTEL CORPORATION et al., Third-Party Defendants.— Order entered on June 25, 1962, denying plaintiff's motion to strike out a third-party complaint, unanimously reversed on the law and in the exercise of discretion, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. Section 193-a of the Civil Practice Act provides that a defendant

may proceed against another person who is not a party, who is or may be liable to him for all or part of the plaintiff's claim. The claim against the third-party defendant must be related to the main action by a question of law or fact common to both controversies. In this case plaintiff sues as an assignee to recover for goods sold and delivered in connection with the lease of a hotel. The third-party complaint is directed against plaintiff's assignor and the president of the assignor corporation. It purports to state a cause of action for damages under section 405 of the Civil Practice Act predicated on the failure of the assignor to appear for an examination before trial in the main action after a subpœna had been served. It is alleged that the defendant has been damaged to the extent that the plaintiff may recover from defendant because of the inability to obtain the testimony of the assignor. A mere statement of the third-party claim demonstrates that the causes of action contained in plaintiff's complaint and the third-party complaint have no direct relationship. The third-party cause of action is wholly unconnected with that set forth in the complaint and does not involve questions common to both controversies. There is no basis for a "claim over". Whatever defendant's remedy may be for failure of an assignor of a claim to appear for examination before trial pursuant to section 288 of the Civil Practice Act, it is not the injection in the main suit of a third-party action for damages against the assignor. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.